**ELD-004** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 23-1880

---

WILLIAM F. KAETZ,
Appellant

v.

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE; EDUCATIONAL CREDIT MANAGEMENT CORP.; LAW OFFICES OF KENNETH L. BAUM; *EXPERIAN INFORMATION SOLUTIONS, INC.; PRICE MEESE SHULMAN & D'ARMINIO; TRANSUNION; SCHUCKIT & ASSOCIATES; *EQUIFAX INFORMATION SERVICES LLC; *CLARK HILL PLC; SEYFARTH SHAW, LLP; KENNETH L. BAUM; CAMILLE R. NICODEMUS; WILLIAM R. BROWN, ESQ.; DOROTHY A. KOWAL; ROBERT T. SZYBA; BORIS BROWNSTEIN, ESQ.

*(Amended pursuant to Clerk Order of 6/22/23)

---

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:22-cv-03469)
District Judge: Honorable Kevin McNulty

---

Submitted on Appellees' Motion for Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 23, 2024
Before: JORDAN, BIBAS, and PORTER, Circuit Judges

(Opinion filed: June 11, 2024)

---

OPINION[*]

---

**PER CURIAM**

I.

William F. Kaetz, proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey dismissing his complaint. For the following reasons, we grant the Appellees' motion and will summarily affirm the District Court's judgment.

II.

In June 2022, Kaetz initiated a civil rights complaint in the District of New Jersey against the United States of America and the United States Department of Justice, the Educational Credit Management Corp., three credit reporting agencies, several law firms, and various lawyers, based upon their involvement in a 2016 action brought by Kaetz in the District of New Jersey, see Kaetz v. Educ. Credit Mgmt. Corp., D.N.J. Civ. No. 2:16-cv-09225, affirmed Kaetz v. Educ. Credit Mgmt. Corp., No. 20-2592, 2022 WL 996422 (3d Cir. Apr. 4, 2022) ("2016 Action"). The 2022 Complaint challenges (1) the constitutionality of 11 U.S.C. § 523(a)(8), the Bankruptcy Code provision excepting student loan debt from discharge; and (2) the Defendants' conduct in the 2016 Action, including claims of fraud, fraud on the court, and other violations and requests for injunctive relief.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

All Defendants filed motions to dismiss and Kaetz responded by filing cross motions to strike as well as oppositions to the motions. On March 30, 2023, the District Court entered an order denying Kaetz's motions to strike and granting the Defendants' motions to dismiss. Specifically, the Court granted the Defendants' motions to dismiss on collateral estoppel grounds as to his constitutional challenge to the Bankruptcy Code and for failure to state a claim as to his remaining claims. The District Court's order dismissed Kaetz's claims barred by collateral estoppel with prejudice and dismissed the remaining claims without prejudice. The day after the Court entered its order, Kaetz filed a timely motion to set aside the judgment under Fed. R. Civ. P. 60, and subsequently filed a timely notice of appeal. On January 4, 2024, the Court denied Kaetz's post-judgment motion. He thereafter filed a motion for reconsideration of the Court's denial, which was also denied.[1]

Appellees United States of America and United States Department of Justice ("Federal Appellees") moved for summary affirmance in this Court and Appellees Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union, LLC ("CRA Appellees") later joined the motion. Appellant subsequently filed several motions in this Court, including requests for an injunction, to strike the motion for summary affirmance, and for judicial notice.

[1] Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), the scope of this appeal does not encompass the District Court's January 4, 2024 order denying Kaetz's motion to set aside the judgment or its April 10, 2024 order denying reconsideration of the prior denial. Kaetz did not file a notice of appeal, or amended notice of appeal, after the Court entered those orders.

III.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "Application of collateral estoppel is a question of law," over which we exercise plenary review, Szehinskyj v. Att'y Gen., 432 F.3d 253, 255 (3d Cir. 2005), as we do over an order of dismissal for failure to state a claim, see Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). We may summarily affirm a District Court's decision if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

IV.

We agree with the District Court that Kaetz's constitutional challenge to 11 U.S.C. § 523(a)(8) is barred by collateral estoppel. Collateral estoppel, also known as issue preclusion, "prevents the re-litigation of a factual or legal issue that was litigated in an earlier proceeding." Doe v. Hesketh, 828 F.3d 159, 171 (3d Cir. 2016). Collateral estoppel is appropriate where: "(1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question." In re Bestwall LLC, 47 F.4th 233, 243 (3d Cir. 2022) (quoting Hesketh, 828 F.3d at 171).

This test is easily satisfied with respect to Kaetz's challenge to the constitutionality of § 523(a)(8). First, as the District Court correctly noted, the identical issue was decided in the prior adjudication, as the District Court in the 2016 Action

specifically addressed and rejected Kaetz's argument that § 523(a)(8) was unconstitutionally vague. Kaetz v. Educ. Credit Mgmt. Corp., No. 2:16-cv-09225, 2019 WL 4745289, at *3–4 (D.N.J. Sept. 30, 2019) (dismissing complaint); Kaetz v. Educ. Credit Mgmt. Corp., No. 2:16-cv-09225, 2020 WL 3542382, at *3 (D.N.J. June 30, 2020) (denying reconsideration); Kaetz v. Educ. Credit Mgmt. Corp., No. 20-2592, 2022 WL 996422, at *3 (3d Cir. Apr. 4, 2022) (affirming judgment). Second, there was a final judgment on the merits since the District Court dismissed the claim with prejudice and the dismissal was affirmed on appeal. Third, Kaetz was clearly a party to the 2016 Action as he was the claimant. Fourth, Kaetz had a full and fair opportunity to litigate the issue in question, both in the District Court and on appeal.

V.

We further agree with the District Court's dismissal of Kaetz's remaining claims for failure to state a claim upon which relief may be granted. These claims include: (1) Bivens claims for constitutional violations under the First, Fifth, Eighth, and Fourteenth Amendments; (2) fraud; (3) fraud on the court; (4) intentional infliction of emotional distress; (5) "misconduct," for which Kaetz contends the Court should issue sanctions pursuant to Fed. R. Civ. P. 11; and (6) injunctive relief.

As the District Court noted, Kaetz brought his complaint against three groups of defendants; (1) the United States, (2) federal agencies, and (3) private parties. Bivens actions, however, only authorize suits against federal officials in their individual capacities. FDIC v. Meyer, 510 U.S. 471, 473 (1994). Accordingly, Kaetz's failure to name specific federal officials as defendants and to allege their personal involvement

constituted a fatal defect to his Bivens claim. Because the defendants are not proper defendants under Bivens, the District Court properly dismissed this claim.

Regarding Kaetz's fraud claim, we agree with the District Court's interpretation of Kaetz's allegations in support of this claim, explaining that the allegations "consist[] of nothing beyond a disagreement with the prior court's legal interpretation" and are based on an argument that "all Defendants, by virtue of their involvement in the 2016 Action, must have committed fraud merely because the Court did not rule in his favor." Compl., Dkt No. 122, at 18. These allegations fall far short of stating a claim for fraud. See Gennari v. Weichert Co. Realtors, 691 A.2d 350, 367 (N.J. 1997) (describing the elements for a fraud claim); see also Fed. R. Civ. P. 9(b) (requiring that fraud be pleaded with particularity).

Kaetz's complaint includes the same, deficient, allegations for his fraud on the court claim. In order to state a claim for fraud on the court, a plaintiff must allege, "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. Herring v. U.S., 424 F.3d 384, 390 (3d Cir. 2005). We have previously made clear that such allegations must constitute "egregious misconduct . . . such as bribery of a judge or jury or fabrication of evidence by counsel." Id. (quoting In re Coordinated Petrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d 180, 195 (8th Cir. 1976)). We agree with the District Court that Kaetz failed to meet this demanding standard. The purportedly fraudulent acts that Kaetz identified in his complaint are merely legal disagreements with the proceedings in the 2016 Action and do not constitute egregious misconduct.

Kaetz additionally asserts a claim for the intentional infliction of emotional distress ("IIED"). Such a claim requires allegations demonstrating that, *inter alia*, the defendant's conduct was so "extreme and outrageous . . . as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Juzwiak v. Doe, 2 A.3d 428, 451 (N.J. Super. Ct. App. Div. 2010) (quoting Buckley v. Trenton Saving Fund Soc'y, 544 A.2d 857, 863 (N.J. 1988)). Here, as the District Court concluded, Kaetz failed to allege facts sufficient to plausibly demonstrate that Defendants engaged in extreme and outrageous conduct. Rather, the conduct described in the complaint concerns ordinary litigation-related conduct, which does not by itself rise to the level of outrageous conduct.

Finally, to the extent Kaetz intended to assert a claim for "misconduct" under Federal Rule of Civil Procedure 11, the District Court correctly dismissed such claim as a private right of action under Rule 11 does not exist.

VI.

For these reasons, we grant the Appellees' motion and will summarily affirm the District Court's judgment.[2]

[2] Kaetz's motion to withdraw his motions for judicial notice is granted. His remaining motions are denied.